## Walker Bush *v.* The State.

1. Disturbing Religious Worship. — For an application of the law under which this prosecution was had, see *Owens* v. *The State*, 3 Texas Ct. App. 404.

2. Same — Evidence. — See the opinion for evidence held insufficient to sustain the charge of carrying a gun into a religious meeting.

Appeal from the County Court of Hamilton.  Tried below before the Hon. D. C. Smith, County Judge.

The opinion discloses the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. This appeal is from a conviction on a charge that the defendant went into a religious assembly, having about his person a gun.

The circumstances, as detailed by the witnesses, were about as follows : On the date the offence is charged to have been committed, a prayer-meeting was about being held at a private residence. One witness fixes the time at about eight o'clock at night, and after dark. The congregation had begun to assemble, and the ladies and children were in the house. The men—at least, a portion of them—were on the outside of the door when the defendant and his wife arrived at the place, the lady entering the house. The defendant stopped on the outside, at or near the door (but one door is mentioned), and called the man at whose house the meeting was being held, who went out, and a conversation took place between the two. No mention is made as to the topic of conversation. The witnesses all agree—some of them speaking positively, and others merely giving it as their understanding—that the services had not commenced, and that they were to have been held inside of the house. The minister who was expected to conduct the services, agreeably to some of the witnesses, had not arrived ; agreeably to others, he arrived about the time the defendant and his wife arrived, or just ahead of them. The witnesses all agree that the defendant did not enter the house. No witness testified positively that the defendant had or carried a gun, or other fire-arm. One says he saw some thing in his hand that he took to be a gun ; and, on cross-examination, said he did not see any thing in the defendant's hands at the time he came to the door. Another witness stated that

the defendant had some thing in his hand which looked like a gun, but he could not state positively that it was a gun. This witness said, also, that the defendant remained principally on the outside of the crowd which was outside of the house. He stated, further, on reëxamination, that he was at times as near as three feet, and sometimes five or six feet, from the defendant, when he saw him with some thing in his hand. Another witness, who seems to have seen the defendant before he reached the house, says he had some thing in his hand, swinging; he cannot say positively what it was, but he took it to be a gun. He was about eight or ten feet off. The object the defendant had in his hand, when it would strike a bush, would ring like steel. It was about dark when he speaks of having first seen the defendant. This is the testimony of the State's witnesses.

The wife of the defendant was then put on the stand by him, and testified as to the statement made by one of the State's witnesses, apparently to fix the time as that spoken of by them, and that the meeting was to have been held in the house, and that the defendant did not go into the house. She also stated that the defendant did not have any thing in his hand from the time she and the defendant started from her father's until they got to the door. She stated, on cross-examination, that the defendant did not have either an umbrella, a walking-stick, or a gun, on the way to the house, while there, or as they started away. This witness appears to have made a plain statement. She spoke positively, and her testimony was not attempted to be impeached.

We are of opinion that, agreeably to the testimony, the charge of carrying a gun into a religious assembly was not proved. The man at whose house the meeting was held, and whom the defendant called out and had the conversation with, is not shown to have testified in the case. For aught that we see, he was in a better position to see and know as to whether the defendant had a gun in his hand on that occasion, or not.

For an application of the law under which this prosecution was had, see the case of *Owens* v. *The State*, 3 Texas Ct. App. 404.

One ground of the motion for a new trial is, that the verdict of the jury is contrary to the law and the evidence. The court overruled the motion, and the defendant's counsel took a bill of exceptions to the ruling, and has assigned it as error.

We have not attempted to meet all the questions which are properly presented by bills of exception incorporated in the transcript, for the reason that the whole case will come again before the court below, and those questions may not arise on another trial, and when the court will doubtless review the charge.

We are of opinion the court erred in overruling the motion for a new trial, and for this error the judgment is reversed and the case remanded.

*Reversed and remanded.*